**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                                        Plaintiff,                    3:19-cv-01338 (BKS/ML)

v.

LEANNE KNAPP a/k/a LEANNE M. KNAPP a/k/a
LEANNE M. BROWNING, DELAWARE
OPPORTUNITIES, INC., DELAWARE COUNTY
DEPARTMENT OF SOCIAL SERVICES, PORTFOLIO
RECOVERY ASSOCIATES LLC, BARCLAYS BANK
DELAWARE, and WILLIAM BROWNING,

                                        Defendants.

**Appearances:**

*For Plaintiff:*
Cynthia Malone
Sherri Jennifer Smith
Pincus Law Group, PLLC
425 RXR Plaza
Uniondale, NY 11556

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.     **INTRODUCTION**

Plaintiff United States of America brings this action under Article 13 of the New York

Real Property Actions and Proceedings Law, ("RPAPL"), N.Y. Real Prop. Acts. Law §§ 1301-

1391, seeking to foreclose a mortgage encumbering 13 Liberty Street, Walton, NY ("the

Property"). (Dkt. No. 1).[1] Plaintiff has named as Defendants the owner and mortgagor of the

Property, LeAnne Knapp, as well as Delaware Opportunities, Inc. ("Delaware"), Delaware

---

[1] This Court has jurisdiction under 28 U.S.C. § 1345 as the United States is the Plaintiff in this action.

County Department of Social Services ("the Department"), Portfolio Recovery Associates LLC ("Portfolio"), Barclays Bank Delaware ("Barclays"), and William Browning ("Browning").[2] All of the Defendants have failed to file an Answer to the Complaint. Presently before the Court is Plaintiff's motion for default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. (Dkt. No. 41). For the reasons stated below, Plaintiff's motion for default judgment is denied without prejudice.

## II.   BACKGROUND

According to the Complaint, on or about June 26, 2009, the United States of America, through the Rural Housing Service or its successor agency, the United States Department of Agriculture, ("USDA"), loaned Defendant LeAnne Knapp $67,800.00, which was secured by a mortgage on the property known as 13 Liberty Street, Walton, New York, in Delaware County. (Dkt. No. 1, at 2). The mortgage was recorded on July 1, 2009, at the Delaware County Clerk's Office. (*Id.*). Defendant Knapp executed a promissory note. (*Id.*). Plaintiff is the owner and holder of the promissory note and mortgage. (*Id.*).

Defendant Knapp breached the provisions of the promissory note and mortgage by failing to pay the installments of principal and interest, and the real property tax payments when due, and Plaintiff now seeks to accelerate the payments and declare due the entire amount owed on the note and mortgage. (*Id.*). The Complaint further alleges that:

There is now justly due and payable to the plaintiff, as of Oct. 30, 2019, on the Promissory Note and Mortgage the following sums:

Unpaid Principal $51,898.31

---

[2] Although not originally named, William Browning was added as a Defendant after default was entered when Plaintiff discovered that he resided at the subject property. (*See* Dkt. No. 1, at 1 (originally naming fictitious defendants "John Doe, Mary Roe, and XYZ Corporation . . . to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon [the Property] or any portion thereof"); Dkt. No. 9 (Plaintiff's motion to correct "John Doe" in the caption to Browning); Dkt. No. 13 (order to amend the Complaint caption to replace John Doe with Browning, issue a summons to Browning, and dismiss defendants Mary Roe and XYZ Corporation)).

Unpaid Interest $3,629.99
Subsidy to Be Recaptured $12,680.46
Escrow $411.33
Late Charges $12.09
Other Fees $4,737.47
TOTAL: $73,369.65

[] together with interest at the rate of 4.625% per annum on principal and all advances from 10/31/19.

(*Id.* at 3). With respect to the other Defendants, Plaintiff alleges that they "have or may claim to have some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any accrued subsequently to the lien of the United States mortgage and is subsequent thereto."[3] (*Id.*).

## III.   DISCUSSION

### A.   Standard of Review

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminer, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* Local Rule 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded."). Second, under Rule

---

[3] According to the documents attached to the Complaint, the Department holds a $0.00 mortgage on the Property that was recorded on February 20, 2014; Delaware holds a $10,000.00 mortgage on the Property that was recorded on July 1, 2009; Barclays holds a $3,892.31 judgment on the Property that was recorded on July 24, 2015; and Portfolio holds a $2,882.67 judgment on the Property that was recorded on June 4, 2015. (Dkt. No. 1, at 21–22).

3

55(b)(2), the plaintiff must "apply to the court for entry of a default judgment." *Priestly*, 647

F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the

entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of

entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no

response has been made.").

####    B.    Entry of Default Judgment

On March 4, 2020, Plaintiff requested a clerk's entry of default under Rule 55(a) and, as

required by Local Rule 55.1, Plaintiff submitted an affidavit showing that: none of the

Defendants are infants, in the military, or incompetent persons; Defendants failed to file an

answer or otherwise defend this action; and Plaintiff properly served the Complaint. (Dkt. No.

19, at 3–5). Plaintiff properly served Defendant Knapp under Fed. R. Civ. P. 4(e)(2)(A) by

personally delivering a copy of the Summons and Complaint to Knapp. (Dkt. No. 4, at 9).

Plaintiff properly served Defendant Browning under Fed. R. Civ. P. 4(e)(2)(B) by leaving a copy

of the Summons and Complaint at his residence or usual place of abode with his spouse,

Defendant Knapp. (Dkt. No. 16, at 2–3). Plaintiff properly served the Department under Fed. R.

Civ. P. 4(j)(2)(B) and N.Y. C.P.L.R. § 311(a)(4) by delivering a copy of the Summons and

Complaint to Assistant County Attorney Erin Neale. (Dkt. No. 4, at 3, 8). Finally, Plaintiff

properly served Defendants Delaware, Portfolio, and Barclays under Fed. R. Civ. P. 4(h)(1)(B)

by leaving a copy of the Summons and Complaint with an authorized agent of each Defendant.

(*Id.* at 1, 4–7, 10; Dkt. No. 16, at 1, 4). On March 5, 2020, Plaintiff received a clerk's entry of

default. (Dkt. No. 20).

On November 10, 2021, Plaintiff moved for default judgment under Fed. R. Civ. P.

55(b)(2) and Local Rule 55.2(b). (Dkt. No. 41). Plaintiff served the motion and supporting

documents on Defendants by mail, (Dkt. No. 41-3), and Defendants have filed no response.

Plaintiff has thus met the procedural requirements for entry of a default judgment under Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b). Accordingly, the Court will address liability and damages.

### C.   Liability

By failing to answer the Complaint or oppose this motion, Defendants are deemed to have admitted the factual allegations in the Complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at \*2, 2011 U.S. Dist. LEXIS 32249, at \*5–6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim.").

"The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). Even where a defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district court "need not agree that the alleged facts constitute a valid cause of action," and may decline to enter a default judgment on that ground. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Indeed, the Second Circuit has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

### 1.      Foreclosure of Defendant Knapp's Mortgage

"In New York, prior to commencing a residential foreclosure action, a lender must comply with certain requirements set forth in the Real Property Actions and Proceedings Law." *CIT Bank N.A. v. Schiffman*, 168 N.E.3d 1138, 1140 (N.Y. 2021); *see OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015). To state a valid claim for relief under RPAPL, Plaintiff must first establish the common law elements of: (1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default on that debt. *OneWest Bank, N.A.*, 310 F.R.D. at 44 (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012)). Second, Plaintiff must comply with the RPAPL service and filing requirements: (1) service of the statutory notice on the mortgagor prior to commencing the action,[4] (2) service of the statutory notice on the mortgagor with the summons and complaint,[5] (3) filing the required information with the superintendent of the New York State Department of Financial Services,[6] (4) service of a summons containing specified language,[7] and (5) filing the notice of pendency in compliance with RPAPL § 1331 and New York C.P.L.R. § 6511(a).[8] *Id.*

---

[4] Section 1304 of the RPAPL requires the lender to serve a statutory notice entitled "YOU MAY BE AT RISK OF FORECLOSURE. PLEASE READ THE FOLLOWING NOTICE CAREFULLY" on the borrower 90 days before commencing the foreclosure action. *OneWest Bank, N.A.*, 310 F.R.D. at 44 n.3.

[5] Section 1303 of the RPAPL requires the foreclosing party in a mortgage foreclosure action to serve a statutory notice entitled "Help for Homeowners in Foreclosure" with the summons and complaint. *OneWest Bank, N.A.*, 310 F.R.D. at 44 n.4.

[6] Section 1306 of the RPAPL requires the lender to file the "New York State Department of Financial Services" form containing the borrower's name, address, and last known telephone number together with the amount claimed as due and owing on the mortgage within three business days of mailing the § 1304 notice. *OneWest Bank, N.A.*, 310 F.R.D. at 44 n.5.

[7] Section 1320 of the RPAPL requires the lender to serve a summons that, in addition "to the usual requirements applicable to a summons in the court," contains a notice in boldface that reads: "NOTICE YOU ARE IN DANGER OF LOSING YOUR HOME."

[8] Section 1331 of the RPAPL requires that the plaintiff "at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." N.Y. R.P.A.P.L. § 1331. New York C.P.L.R. § 6511(a) requires that, unless the complaint has already been filed in the county in which the property affected is located, the complaint must be filed with the notice of pendency. N.Y. C.P.L.R. § 6511(a).

Here, Plaintiff has alleged that Knapp owes a debt, that her debt is secured by a mortgage in favor of Plaintiff, and that she is in default on that debt. (Dkt. No. 1). Therefore, Plaintiff has established the common law elements of a mortgage foreclosure claim. However, Plaintiff has not submitted evidence of its compliance with all of the requirements in the RPAPL.

### a.        Compliance with the RPAPL and New York C.P.L.R.

Plaintiff has shown its compliance with RPAPL § 1331 and CPLR § 6511(a) by filing a notice of pendency and copy of the Complaint with the Delaware County Clerk. (Dkt. No. 41, at 38–42 (copy of the Complaint bearing Delaware County Clerk stamp); *id.* at 142–46 (notice of pendency and legal description of the Property bearing Delaware County Clerk stamp)). Moreover, on the Affidavit of Service for Defendant Knapp, the process server attests that he served the summons "along with a copy of the Homeowner's Foreclosure Notice as required by RPAPL § 1303, which notice was printed on a colored piece of paper, which color differed from that of the color of the [summons], and the notice was in bold, fourteen-point type, with the title of the notice in bold, twenty-point type." (Dkt. No. 41, at 102; Dkt. No. 4, at 9). Thus, Plaintiff has showed compliance with § 1303. *See LNV Corp. v. Sofer*, 98 N.Y.S.3d 302, 305–06 (N.Y. App. Div. 2019) (finding that the plaintiff had made a prima facie showing of compliance with § 1303 by submitting an affidavit of service attesting that the process server had served a notice on the defendant meeting the requirements of § 1303).[9] However, the record does not reflect that Plaintiff complied with the procedural requirements of RPAPL §§ 1304, 1306, and 1320.

Plaintiff alleges that it "complied with [RPAPL § 1304's] notice provisions," (Dkt. No. 1, at 4), and attaches a copy of a § 1304 notice dated July 30, 2019, (*id.* at 24). However, it is not

---

[9] The Court notes that this notice is only required in actions involving "an owner-occupied one-to-four family dwelling." § 1303(1)(a). The Property here is a one-to-four family home, (Dkt. No. 1, at 55); although Plaintiff did not allege whether Defendant Knapp occupied the home, she was served there, (Dkt. No. 4, at 9).

clear that this provision is applicable; § 1304 applies only to "home loan[s]," which are loans for real estate "occupied by the borrower as the borrower's principal dwelling." N.Y. R.P.A.P.L. § 1304(6)(a)(1)(iii); *see MLB Sub I, LLC v. Mathew*, 159 N.Y.S.3d 867, 868 (N.Y. App. Div. 2022). Plaintiff has not alleged whether Knapp occupies the Property as her principal dwelling; it is thus unclear whether § 1304 is applicable. If it is, Plaintiff must demonstrate that the notice was sent by first-class registered or certified mail. *HSBC Bank USA, Nat'l Ass'n v. Cardona*, 147 N.Y.S.3d 75, 77 (N.Y. App. Div. 2021). This "can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure.'" *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (quoting *Citibank*, 98 N.Y.S.3d 273, 277 (N.Y. App. Div. 2019)). Plaintiff has not provided any proof of service of the § 1304 notice. In its documentation of postage costs attached to the Affirmation Statement of Damages, Plaintiff includes, without any explanation, a copy of an envelope dated July 30, 2019, (Dkt. No. 41-2, at 5), the same date that Plaintiff alleges the notice was sent, (Dkt. No. 1, at 24). Insofar as that was the envelope used to send the notice, it reflects a first-class mailing, not the registered or certified mail required by § 1304. (Dkt. No. 41-2, at 5).[10] Accordingly, absent documents showing that the notice was properly sent to Defendant, Plaintiff has not shown compliance with § 1304. *See Citibank*, 98 N.Y.S.3d at 277. If Plaintiff seeks to renew its motion, it must show either that Defendant Knapp did not occupy the Property as her principal dwelling, or that Plaintiff complied with all § 1304 notice requirements.

---

[10] Further, it appears that Plaintiff failed to include in its notice a telephone number and web address for the New York State Department of Financial Services, instead leaving in the phrases "(show number)" and "(show web address)" from § 1304. (Dkt. No. 1, at 25). If Plaintiff seeks to renew its motion, it should address whether it complied with § 1304 notwithstanding this omission.

Additionally, while Plaintiff attached a copy of a filing submitted to the Department of Financial Services, as required by § 1306, (Dkt. No. 1, at 55), the document indicates that the filing status is "Step 1 Incomplete-Missing Mortgagee Info," (*id.*). Plaintiff does not address what information was missing and whether this filing satisfies the requirements of § 1306. Without any indication of what the missing information is beyond the filing statement's indication that it relates to the mortgagee, the Court cannot determine whether Plaintiff's filing complies with § 1306. *See USA Residential Props., LLC v. Jongebloed*, 161 N.Y.S.3d 843, 843 (N.Y. App. Div. 2022); *see also United States v. Scott*, No. 19-cv-01621, 2021 WL 4942076, at *2, 2021 U.S. Dist. LEXIS 203848, at *3 (N.D.N.Y. Oct. 22, 2021).

Finally, Plaintiff's affidavit of service for Knapp states that the summons contained the notice required by § 1320. (Dkt. No. 41, at 102, Dkt. No. 4, at 9). However, Plaintiff has not provided a summons containing the notice required by § 1320; the summons filed with the Court, (Dkt. No. 2, at 1; Dkt. No. 41, at 28), does not contain the notice. Under § 1320, a special summons, with the requisite notice, must be provided in an action to foreclose a mortgage "on a residential property containing not more than three units." *See, e.g.*, *Aronson v. Callahan*, 83 N.Y.S.3d 792, 793–94 (N.Y. Sup. Ct. Apr. 17, 2018) (denying the plaintiff's motion for summary judgment and dismissing the complaint based on the plaintiff's failure to comply with § 1320, noting that "[t]he purpose of the statutory foreclosure reforms, as in section 1320, was to give unsophisticated homeowners sufficient notice that they are about to lose their homes through foreclosure"); *see also Deutsche Bank Trust Ams. v. Eisenberg*, 890 N.Y.S. 2d 368, 368 (N.Y. Sup. Ct. June 23, 2009) ("Plaintiff's failure to submit an attorney's affirmation of compliance with the special summons requirements of RPAPL § 1320, and proof of proper service of the special summons, requires denial of the plaintiff's application for an order of

9

reference."). Here, Plaintiff asserts that the Property is a "parcel of land . . . with a single family home," (Dkt. No. 41, at 11). Therefore, Plaintiff may not proceed in this action unless it provides a copy of the summons with the requisite notice.[11]

### b.    Monies Owed

A party's default "is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.,* 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnaise Sec. (USA), Inc. v. Alcantra*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.,* 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2)). The note and mortgage, as the governing instruments, should determine any default damages. *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *6, 2011 U.S. Dist. LEXIS 107409, at *13 (E.D.N.Y. Sept. 23, 2011).

With respect to the monies owed, Plaintiff has submitted an affidavit from Walter Lindsey Jr., a Lead Foreclosure Specialist with the USDA Rural Housing Service. (Dkt. No. 41, at 152). Mr. Lindsey provides a schedule indicating that as of August 19, 2021, the amount due on the note includes:

Unpaid Principal              $51,898.31

---

[11] In light of Plaintiff's failure to establish that it has complied with the procedural requirements discussed, the Court denies the motion for default judgment in its entirety at this time and does not address Plaintiff's motion for default judgment as to the other Defendants.

| | |
|---|---|
| Unpaid Interest | $7,963.64 |
| Subsidy to Be Recaptured | $12,680.46 |
| Escrow | $13,948.75 |
| Late Charges | $12.09 |
| Other Fees | $632.50 |
| TOTAL: | $87,135.75 |

(*Id.* at 155–56; Dkt. No. 41-2, at 1–2). Plaintiff has provided adequate explanation and support

for this amount due on the note.[12]

Additionally, Plaintiff has requested "Fees and Disbursements" and attorney's fees

pursuant to the promissory note. (Dkt. No. 1, at 11, 15 (promissory note providing that upon

default, the government has the "right to be paid back . . . for all of its costs and expenses in

enforcing this promissory note . . . [including] reasonable attorney's fees"); Dkt. No. 41-2, at 1–2

(statement of damages)).[13] As to the request for fees, any renewed motion by Plaintiff must

provide support for reimbursement for the civil case filing fee. (*See* Dkt. No. 41-2, at 2). Plaintiff

"may only recover identifiable, out-of-pocket disbursements relating to filing fees, process

servers, [and] postage" if such disbursements are supported by proper documentation. *See*

*Nationstar Mortgage LLC v. Atanas*, 315 F. Supp. 3d 700, 705–06 (W.D.N.Y. 2018); *see also*

*United States v. Carter*, No. 19-cv-1130, 2020 WL 819320, at *2, 2020 U.S. Dist. LEXIS 27843,

at *4 (N.D.N.Y. Feb. 19, 2020). "[C]lerks of the United States district courts normally do not

require the United States, as a party in any civil action, to pay a filing fee," *United States v.*

*Simmons*, No. 10-cv-1272, 2012 WL 685498, at *2, 2012 U.S. Dist. LEXIS 27787, at *8

---

[12] *See* Dkt. No. 41, at 44–46, 48–56 (copies of the mortgage and promissory note), 155–56 ("Schedule A" itemizing the escrow and "other fees" charges), 163–68 (USDA Rural Development Customer Service Center spreadsheet of account activity for Defendant Knapp from 2018 through 2021), 158, 161 (copy of the parties' "Subsidy Repayment Agreement," and itemization of the "Subsidy Received" on Defendant's account from July 2009 to April 2018); Dkt. No. 41-2, at 1–3 (statement of damages itemizing amount due on note)).

[13] Although Plaintiff states that paragraph 20 of the mortgage allows for attorney's fees, (Dkt. No. 41, at 4), the Court notes that the promissory note, not the mortgage, obligates Knapp to reimburse Plaintiff for reasonable attorney's fees, (*see id.* at 15); paragraph 20 of the mortgage concerns hazardous substances, not attorney's fees, (*see* Dkt. No. 1, at 16).

(N.D.N.Y. Mar. 2, 2012) (collecting cases), and the record does not reflect that Plaintiff paid a filing fee, (*see* Dkt. No. 1-1 (civil cover sheet with the "Receipt #" and "Amount" lines blank, and no indication that the filing fee was either paid or waived)). Therefore, Plaintiff has not provided adequate support for reimbursement for this cost. *See United States v. Meuten*, No. 19-cv-1530, 2022 WL 1813985, at *4, 2022 U.S. Dist. LEXIS 98330, at *10 (N.D.N.Y. June 2, 2022) ("Because Plaintiff is the United States, the filing fee for this action was waived . . . and Plaintiff's request to reimbursed for the filing fee is denied.").

As to attorney's fees, Plaintiff has requested attorney's fees "based on a flat fee agreement providing for milestone billing." (Dkt. No. 41, at 4). In support of this request, Plaintiff submitted an "Affirmation of Legal Services," signed by Attorney Sherri J. Smith, detailing the "milestone billing" amounts for the Complaint ($1,155.00), Judgment ($1,155.00), and Deed ($1,190.00), plus an additional fee for the preparation of the 90-day notice ($125.00) and for preparation of the Clerk's Entry of Default ($250.00), for a total of $3,875.00. (*Id.* at 4, 6). Although Plaintiff indicates that it does not maintain time sheets for foreclosure work, (*id.*), it described the work performed on this matter, which included 9.5 hours of paralegal time and 8 hours of attorney time. (*Id.* at 5–6).

"Generally, 'courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorney's fees must be based on contemporaneous time record specifying relevant dates, time spent and work done.'" *Nationstar Mortgage LLC v. Nedza*, 315 F. Supp. 3d 707, 713 (W.D.N.Y. 2018) (citation omitted). Here, Plaintiff has not provided contemporaneous

time sheets, nor has it specified which attorney or paralegal performed the work in this case.[14]

*See Meuten*, 2022 WL 1813985, at *4, 2022 U.S. Dist. LEXIS 98330, at *11. Without this

information, the request for attorney's fees is insufficient. *Nedza*, 315 F. Supp. 3d at 713. If

Plaintiff seeks to request attorney's fees in connection with any renewed motion for default

judgment, Plaintiff must file more detailed supporting documentation.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 41) is **DENIED**

**without prejudice**; and it is further

**ORDERED** that to the extent Plaintiff seeks to renew its motion for default judgment,

curing the deficiencies identified, it must file a renewed motion within thirty days of the date of

this decision. If Plaintiff concludes that it is unable to proceed on this record it must notify the

Court within thirty days of the date of this Decision; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on all parties in

accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 20, 2022
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[14] The Court notes that Attorney Nicole B. LaBletta signed the Complaint, (Dkt. No. 1, at 5), while Attorney Sherri J. Smith signed the motion for default judgment, (Dkt. No. 41, at 2).